1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LESLIE SMITH,                                No.  2:  16-cv-0545 KJN P

12                    Plaintiff,

13          v.                                     ORDER

14    TEHAMA COUNTY SHERIFF'S
      DEPARTMENT,
15
                      Defendant.
16

17

18          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

19    42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

20    § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

21    § 636(b)(1).

22          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

23    Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

25    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

27    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

28    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4   § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19  1227.

20       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

27  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

28  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

1   (2007) (quoting <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal quotations marks omitted).

2   In reviewing a complaint under this standard, the court must accept as true the allegations of the

3   complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the pleading in the light most

4   favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other</u>

5   <u>grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

6          The only named defendant is the Tehama County Sheriff's Department.  Plaintiff alleges

7   that while he (plaintiff) was housed at the Tehama County Jail, he was attacked by another

8   inmate.  Plaintiff alleges that the sheriff's deputies were aware that this inmate posed a danger to

9   inmate and failed to protect plaintiff from this danger.

10         It is well established that § 1983 does not impose liability upon state officials for the acts

11  of their subordinates under a respondeat superior theory of liability.  <u>See</u> <u>Monell v. New York</u>

12  <u>City</u>, 436 U.S. 658 (1978).  Under <u>Monell</u>, a municipal entity may not be liable, even where

13  plaintiff has suffered a deprivation of a constitutionally protected interest, unless the alleged act is

14  performed "in execution of a government's policy or custom, whether made by its lawmakers or

15  by those whose edicts or acts may fairly be said to represent official policy."  <u>Id.</u> at 694.

16  Defendant Tehama County Sheriff's Department is a municipal entity.  <u>See</u> <u>Shaw v. Cal. Dep't of</u>

17  <u>Alcoholic Beverage Control</u>, 788 F.2d 600, 604-05 & n.1, 610-11 (9th Cir. 1986) (holding that

18  county sheriff's department is a public entity under California law and may therefore be sued in

19  federal court, subject to the limitations on imposing liability on a municipality).

20         Plaintiff does not allege that the attack was caused by a policy or custom of defendant

21  Tehama County Sheriff's Department.  For that reason, the undersigned finds that plaintiff has

22  failed to state a potentially colorable claim against defendant Tehama County Sheriff's

23  Department.  Similarly, plaintiff does not name any individual defendants or allege facts as to

24  how they failed to protect plaintiff.  Accordingly, the complaint is dismissed with leave to amend.

25         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

26  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>Rizzo v.</u>

27  <u>Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

28  named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is

3

1   some affirmative link or connection between a defendant's actions and the claimed deprivation.

2   Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

3   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

4   rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

6   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

7   complaint be complete in itself without reference to any prior pleading.  This requirement exists

8   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

9   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

10  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

11  original complaint, each claim and the involvement of each defendant must be sufficiently

12  alleged.

13         In accordance with the above, IT IS HEREBY ORDERED that:

14         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

15         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

17  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

18  Director of the California Department of Corrections and Rehabilitation filed concurrently

19  herewith.

20         3.  Plaintiff's complaint is dismissed.

21         4.  Within thirty days from the date of this order, plaintiff shall complete the attached

22  Notice of Amendment and submit the following documents to the court:

23             a.  The completed Notice of Amendment; and

24             b.  An original and one copy of the Amended Complaint.

25  ////

26  ////

27  ////

28  ////

4

1    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act,

2  the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

3  must also bear the docket number assigned to this case and must be labeled "Amended

4  Complaint."

5    Failure to file an amended complaint in accordance with this order may result in the

6  dismissal of this action.

7  Dated:  April 26, 2016

8

9    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

10

   Sm545.14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LESLIE SMITH,                              No.  2:  16-cv-0545 KJN P

12              Plaintiff,

13        v.                                    NOTICE OF AMENDMENT

14   TEHAMA COUNTY SHERIFF'S
     DEPARTMENT,
15
                 Defendant.
16

17
          Plaintiff hereby submits the following document in compliance with the court's order
18
     filed_____.
19
          _____              Amended Complaint
20   DATED:

21

22                                     _____
                                       Plaintiff
23

24

25

26

27

28