UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE SMITH, | No. 2:16-cv-0545 KJN P |
| Plaintiff, | |
| v. | ORDER |
| TEHAMA COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2017, the undersigned issued an order addressing defendants' motion to dismiss. (ECF No. 25.) The undersigned granted the motion to dismiss as to plaintiff's Fifth Amendment claims against both defendants Gibson and Tehama County. (Id.) The undersigned dismissed, with leave to amend, plaintiff's Fourteenth Amendment claims against defendant Tehama County based on the incident involving inmate Jones. (Id.) The undersigned denied defendants' motion to dismiss on grounds that plaintiff failed to exhaust administrative remedies and for failure to state a potentially colorable Fourteenth Amendment claim against defendant Tehama County based on the incident involving inmate Peterson. (Id.)

////

////

1

On June 14, 2017, plaintiff filed a motion for appointment of counsel. (ECF No. 29.) In this motion, plaintiff states that will not file a second amended complaint unless the court appoints counsel. (Id.) For the reasons stated herein, the court declines to appoint counsel. Accordingly, defendants Gibson and Tehama County are ordered to file a response to the claims found potentially colorable in the amended complaint.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 29) is denied without prejudice;

2. Defendants Gibson and Tehama County are ordered to file a response to the Fourteenth Amendment claims based on the incident involving inmate Peterson within twenty days of the date of this order;

////

////

3. The Fourteenth Amendment claims against defendant Tehama County based on the incident involving inmate Jones are dismissed.

Dated: June 21, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

smit0545.31
kc