UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE SMITH,

    Plaintiff,

v.

TEHAMA COUNTY SHERIFF'S DEPARTMENT, et al.,

    Defendants.

No. 2: 16-cv-0545 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. The parties consented to the jurisdiction of the undersigned.

Pending before the court are plaintiff's motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF Nos. 57, 59.) Also pending are plaintiff's motions for appointment of counsel. (ECF Nos. 55, 61.) For the reasons stated herein, plaintiff's pending motions are denied.

Legal Standard for Motion Brought Pursuant to Federal Rule of Civil Procedure 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to

move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; ... or (6) any other reason justifying relief from the operation of judgment."[1]

Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Aline Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To qualify for relief under Rule 60(b)(6), plaintiff must "establish the existence of extraordinary circumstances." Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012). In addition, a party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103(9th Cir. 2006) (internal quotation marks and alteration omitted).

Background

*Procedural Background*

On July 25, 2017, the undersigned issued a scheduling order setting the discovery deadline for November 13, 2017, and the dispositive motion deadline for February 2, 2018. (ECF No. 33.) On December 22, 2017, defendants filed a summary judgment motion. (ECF No. 41.) On March 1, 2018, plaintiff filed an opposition. (ECF No. 49.) On March 16, 2018, defendants filed a reply. (ECF No. 52.) On June 29, 2018, the undersigned granted defendants' summary judgment motion and judgment was entered. (ECF Nos. 53, 54.)

On July 12, 2018, plaintiff filed a motion for an extension of time to file a request for reconsideration of the June 29, 2018 order. (ECF No. 55.) On July 18, 2018, plaintiff filed a motion for reconsideration. (ECF No. 57.)

On July 19, 2018, the undersigned construed plaintiff's July 12, 2018 motion for extension of time as a request for an extension of time to file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 56.) The undersigned granted plaintiff thirty days to file his motion pursuant to Rule 60(b). (Id.) On July 30, 2018, plaintiff filed a motion pursuant to Rule 60(b). (ECF No. 59.)

---

[1] Subsection (4) "the judgment is void," and subsection (5) "the judgment has been satisfied," do not apply. Fed. R. Civ. P. 60(b)(4), (5).

2

The undersigned construes plaintiff's motion for reconsideration (ECF No. 57) as a motion for relief from judgment pursuant to Rule 60(b). Both 60(b) motions (ECF Nos. 57, 59) raise the same claims.

*Plaintiff's Pending 60(b) Motions*

In the pending motions, plaintiff alleges that he was unable to file declarations from inmate witnesses Saetern and Prestigiacomo in support of his opposition to defendants' summary judgment motion because plaintiff lost contact with these inmates on or around January 2013. Plaintiff alleges that he and inmate Prestigiacomo were reunited at Mule Creek State Prison ("MCSP") in January 2015. Plaintiff acknowledges that he submitted a letter from inmate Prestigiacomo in support of his opposition, which was not signed under oath. (See ECF No. 49 at 66-67). Plaintiff claims that the letter was not signed under oath because inmate Prestigiacomo agreed to testify under oath at trial.

Plaintiff alleges that on September 30, 2017, he was transferred away from the yard where inmate Prestigiacomo was housed.

Plaintiff alleges that on March 25, 2018, he submitted a public records request to the MCSP litigation coordinator seeking contact information for inmates Saetern and Prestigiacomo. (See ECF No. 59 at 8.) On April 24, 2018, this request was denied. (Id. at 9.) On May 1, 2018, resubmitted his request. (Id. at 10-11.) On May 8, 2018, plaintiff's resubmitted request was denied. (Id. at 12.) In the pending motions, plaintiff alleges that prison officials improperly denied his requests for contact information for inmates Saetern and Prestigiacomo. Plaintiff alleges that he requires access to inmates Saetern and Prestigiacomo in order to adequately oppose defendants' summary judgment motion.

Discussion

For the following reasons, plaintiff has not demonstrated that relief from judgment is warranted under subsections (1), (2), (3) or (6) of Rule 60(b) based on his alleged inability to contact inmates Saetern and Prestigiacomo.

As noted by defendants, plaintiff's requests for contact information for inmates Saetern and Prestigiacomo were made after the November 13, 2017 discovery deadline. In addition,

plaintiff made these requests after he filed his opposition to defendants' summary judgment motion. Plaintiff's opposition to defendants' summary judgment motion did not discuss plaintiff's intent to contact these inmates in order to obtain additional evidence in support of his opposition. As observed by defendants, if plaintiff belatedly realized that he needed to obtain declarations from inmates Saetern and Prestigiacomo in support of his opposition, he could have filed a request to postpone the consideration of defendants' summary judgment motion.

Plaintiff's pending 60(b) motions demonstrate that plaintiff first sought contact information regarding inmate witnesses Saetern and Prestigiacomo after he filed his opposition to defendants' summary judgment motion. Only after the court granted defendants' summary judgment motion did plaintiff inform the court of his efforts to contact these inmates. These circumstances do not demonstrate that plaintiff is entitled to relief from judgment based on any of the relevant subsections of Rule 60(b), i.e., subsection (1), mistake, inadvertence, surprise, excusable neglect; subsection (2), newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; 3) fraud, misrepresentation, or misconduct by an opposing party; … or (6) any other reason justifying relief from the operation of judgment.

With respect to subsection (6), plaintiff has not shown that circumstances beyond his control prevented him from timely requesting the contact information for inmates Saetern and Prestigiacomo. Plaintiff has not established the existence of extraordinary circumstances that prevented him contacting these inmates in a timely manner.

Accordingly, plaintiff's 60(b) motions are denied. Because the undersigned denies the 60(b) motions, plaintiff's motions for appointment of counsel are denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for relief from judgment (ECF Nos. 57, 59) are denied;

2. Plaintiff's motions for appointment of counsel (ECF Nos. 55, 61) are denied.

Dated: August 29, 2018

Sm545.60(b)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE